**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Uriel Guadalupe Corral-Calderon,<br><br>  Defendant. | No. CR-21-00228-001-PHX-GMS<br><br>**ORDER** |

Before the Court is Defendant Uriel Guadalupe Corral-Calderon's ("Defendant") Motion to Suppress Evidence Related to Identity. (Doc. 18.)  The Court held an evidentiary hearing on the Motion to Suppress on September 28, 2021.  For the following reasons, Defendant's Motion to Suppress is denied.

## BACKGROUND

Defendant was arrested on the morning of January 6, 2021 at a QuikTrip service station in Avondale, Arizona, by Immigration and Customs Enforcement (ICE).  Defendant had been previously removed from the United States twice before, in 2008 and 2010, after multiple felony convictions.  Consequently, Defendant is charged with violating 8 U.S.C § 1326(a), which criminalizes unauthorized reentry to the United States.  In the instant motion, Defendant seeks to suppress evidence related to his identity, namely his A-file and fingerprints taken the day of his arrest.  Defendant argues that such evidence was the product of an illegal search and seizure in violation of the Fourth Amendment.  The Court

held an evidentiary hearing on the motion on September 28, 2021.

## DISCUSSION

### I.   Legal Standard

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.  A law enforcement officer may arrest an individual without a warrant if the officer has probable cause to believe the individual has committed a felony. *United States v. Watson*, 423 U.S. 411, 417 (1976).  Probable cause exists if a reasonable person would believe, based on the totality of the "facts and circumstances," that the suspect had committed or was committing an offense. *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).

### II.   Analysis

If the arresting officer had probable cause to arrest Defendant on the morning of January 6, 2021, there was no Fourth Amendment violation.

At the evidentiary hearing on September 28, Agent Sean Lehman testified that he first became aware of Defendant's presence in the United States while investigating another target.  During that investigation, he ran the license plate of a silver Ford Fusion with distinctive damage on its front passenger side.  Arizona MVD records indicated that the vehicle was registered to Defendant.  According to ICE records, Defendant had been previously convicted of an aggravated felony and administratively removed from the United States.  Therefore, Defendant was in apparent violation of 8 U.S.C. § 1326(a).

Over the course of several months, Agent Lehman confirmed that Defendant was both the person identified in ICE records, as well as the owner of the silver Ford Fusion. Agent Lehman confirmed that the Defendant matched the photographs on file with ICE. He also watched Defendant drive the silver Ford Fusion on a regular basis to a QuikTrip service station in Avondale and followed Defendant to his place of employment in Scottsdale.  All told, Agent Lehman observed Defendant's movements for four to five months before apprehending him on the morning of January 6, 2021.

On January 6, 2021, Agent Lehman was sitting in an unmarked car in the QuikTrip parking lot. He saw the Ford Fusion with distinctive damage pull into the spot next to his, and saw Defendant exit the vehicle. Based on his prior surveillance of Defendant, he recognized the vehicle as belonging to Defendant. When Defendant exited the vehicle, Agent Lehman identified Defendant as the subject of his investigation. Agent Lehman then exited his vehicle and arrested Defendant.

Based on the foregoing, Agent Lehman had probable cause to arrest Defendant.

## CONCLUSION

Since Agent Lehman had probable cause to arrest Defendant on the morning of January 6, 2021, there was no violation of the Fourth Amendment.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress, (Doc. 18), is **DENIED.**

Dated this 30th day of September, 2021.

_____
G. Murray Snow
Chief United States District Judge