**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Uriel Guadalupe Corral-Calderon,<br><br>Defendant. | No. CR-21-00228-001-PHX-GMS<br><br>**ORDER** |

Before the Court is Defendant Uriel Guadalupe Corral-Calderon's ("Defendant") Motion to Dismiss Indictment, (Doc. 19,) and the Government's Motion to Seal, (Doc. 23.) For the following reasons, Defendant's Motion to Dismiss Indictment is denied, and the Government's Motion to Seal is granted.

## BACKGROUND

Defendant is a Mexican national who pled guilty in Arizona to Burglary in the Second Degree in 2007. (Doc. 19 at 2); A.R.S. § 13-1507. He was sentenced to three and a half years of incarceration, in the custody of the Arizona Department of Corrections ("ADOC"). (Doc. 24 (lodged under seal) at 2.) During his term of custody, he was released to Immigration and Customs Enforcement ("ICE") for deportation. *Id.* at 3. ICE determined his burglary conviction was an aggravated felony under the Immigration and Nationality Act ("INA"), and an immigration officer served him with a Notice of Intent to Issue a Final Administrative Removal Order ("Form I-851") on September 17, 2008. (Doc.

24 (under seal) at 3; Doc. 19 at 2.) Among other provisions, Form I-851 advised Defendant that he had a right to counsel and a right to seek judicial review of the removal order within thirty days. (Doc. 24 (under seal) at 3.) Defendant marked on Form I-851 that he did not wish to contest his removability and that he waived his rights to judicial review. (Doc. 24-8 at 10.) Defendant was removed the next day, entering Mexico at the Nogales, Arizona port of entry. (Doc. 24-8 at 3.)

Defendant is charged with Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and (b)(1). In the present motion, he collaterally attacks the validity of his 2008 removal and seeks dismissal of the indictment. (Doc. 19.) At a hearing on September 28, 2021, the Court gave leave for Defendant to file supplemental briefing as to his Motion to Dismiss. (Doc. 40.) The Court then ordered the Government to respond to Defendant's supplemental briefing. (Doc. 41.)[1]

**DISCUSSION**

**I.    Motion to Dismiss**

    **A.    Legal Standard**

Under 8 U.S.C. § 1326, a defendant charged with illegal reentry after removal may collaterally attack the removal order. *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). To sustain a collateral attack, a defendant must demonstrate that: (1) he exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings improperly deprived him of judicial review; and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). The Supreme

---

[1] Defendant filed a reply to the Government's supplemental response brief, without leave of Court to do so. (Doc. 47;) *see* LRCiv 7.2. While the Court permitted Plaintiff to file his original supplemental brief, (Doc. 40), it did so for the limited purpose of allowing Defendant to respond to *United States v. Palomar-Santiago*, 141 S. Ct. 1615 (2021), as it was decided after Defendant submitted his brief on this Motion. Because Defendant did not originally file a reply brief, his supplemental brief addressing new authority raised by the Government is best characterized as a Reply to the Government's Response. (Doc. 24.) The Court granted the Government leave to respond to the new arguments raised in Defendant's supplemental brief because they raised potentially meritorious issues. (Doc. 41.) Defendant's new filing amounts to a sur-sur-reply filed without leave of Court, and facts and arguments contained therein cannot be considered. *Fushi v. Bashas', Inc.*, No. 10-cv-2519-PHX-GMS, 2011 WL 1771076, at *1 n.2 (D. Ariz. May 10, 2011); *see also United States v. Campa*, No. CR-13-2142-TUC-JAS (JR), 2014 WL 4655436, at *1 (D. Ariz. Sept. 17, 2014) (striking sur-reply filed by the Government without leave of Court).

Court has recently clarified that defendants must "meet all three" conditions in order to challenge their underlying removal orders. *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1621 (2021). "A court may not excuse a failure to exhaust" administrative or judicial review. *United States v. Tamayo-Ramos*, --- F. Supp. 3d ----, 2021 WL 2934897, at *2 (S.D. Cal. July 7, 2021).

### B.   Analysis

Defendant's collateral attack fails because he was not improperly deprived of the opportunity to seek judicial review. Form I-851 informs a noncitizen that there are several enumerated grounds upon which he can contest his order of deportation. But it does not explicitly inform noncitizens that they can "refute . . . the legal conclusion underlying his removability," and its design suggests "removability could only be contested on factual grounds." *Valdivia-Flores*, 876 F.3d at 1205. Even so, Defendant's Form I-851 clearly states that he was eligible for administrative removal because he had "been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the" INA. (Doc. 24-8 (lodged under seal) at 9.) While Form I-851 informed him of his right to seek judicial review of the immigration officer's decision, he chose instead not to contest that he was removable and waived his right to judicial review. *Id.* at 10.[2] Defendant now argues that his waiver was improper because when he waived his rights to judicial review, he did not know he could seek review of the determination that his prior conviction was an aggravated felony.

But "[t]hat he may not have recognized the substantive basis upon which he now

---

[2] Defendant's waiver reads as follows:
> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charge. I do not wish to request withholding or deferral of removal. I wish to be removed to Mexico.
>
> I understand that I have the right to remain in the United States for 14 calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this right.

(Doc. 24-8 (lodged under seal) at 10.)

seeks to challenge his final order of deportation did not make [judicial] review unavailable when he waived it." *Tamayo-Ramos*, 2021 WL 2934897, at *2. In *Palomar-Santiago*, the Court rejected the petitioner's argument that further administrative review was unavailable when a noncitizen is informed that his "prior conviction renders him removable" because "noncitizens will not recognize a substantive basis for appeal." *Palomar-Santiago*, 141 S. Ct. at 1621. The Court noted that

> [a]dministrative review of removal orders exists precisely so noncitizens can challenge the substance of immigration [officers'] decisions. The immigration [officer]'s error . . . does not excuse the noncitizen's failure to comply with a mandatory exhaustion requirement if further administrative review, and then judicial review if necessary, could fix that very error.

*Palomar-Santiago*, 141 S. Ct. at 1621.

Here, even assuming Form I-851 is the sum total of administrative process available to Defendant, he was notified that he had the right to seek judicial review of the immigration officer's determinations. (Doc. 24-8 (lodged under seal) at 9.) This necessarily includes whether his prior conviction was actually an aggravated felony under the INA. The Court is unaware of any Ninth Circuit authority precluding appellate review of legal arguments not raised by a noncitizen to ICE in removal proceedings that use Form I-851.[3] Therefore, even assuming Defendant could not have administratively contested whether his underlying conviction was an aggravated felony, he could have sought judicial review of the immigration officer's determination if the determination was wrong. However, he did not do so because he waived his right to judicial review.

Nor has he produced evidence tending to prove the waiver was invalid. Although he alleges that he was not provided with a list of free legal service programs as required by 8 C.F.R. § 238.1(b)(2)(iv), it is not apparent that waiving Defendants are actually provided

---

[3] The Court is not persuaded by the out-of-circuit authority that hold otherwise. *See, e.g.*, *Malu v. U.S. Atty Gen.*, 764 F.3d 1282, 1288 (11th Cir. 2014) (finding no jurisdiction to consider on direct review whether noncitizen's underlying conviction was an aggravated felony because she did not raise the issue in the administrative proceeding). Since Form I-851 appears on its face to allow noncitizens to only contest the factual bases for their removal, judicial review may be the only forum where a defendant could challenge the designation of their underlying conviction as an aggravated felony. *See Valdiviez-Hernandez v. Holder*, 739 F.3d 184, 187 (5th Cir. 2013).

the list.  Defendant provides no authority that he must be provided the list if he is waiving his right to appeal or for any assertion that the omission renders his waiver of the right to seek judicial review unknowing and involuntary.  Regulations are not coextensive with the legal requirements for a knowing and voluntary waiver, and it is undisputed that Defendant was notified of his right to counsel and of the right to seek judicial review.  The allegation that Defendant was not provided with a list of services does not render his waiver unknowing or involuntary.  Similarly, Defendant's waiver was not rendered involuntary or unknowing by his age.  Although the Warrant of Removal/Deportation and the Final Administrative Removal Order were created on May 9, 2007, while the Defendant was still a minor, the signatures and service of Notice of Intent and the Final Administrative Removal Order were on September 17, 2008, when Defendant was 19 years old.[4]

Finally, Defendant's allegation that he was provided the wrong deadline for judicial review is mistaken.  He relies on an out-of-circuit case where the Form I-851 informed the defendant that he had fourteen days to file his petition for review, even though the statutory deadline is thirty days.  *United States v. Walkes*, No. 15-cr-10396-ADB, 2017 WL 374466, at *4 n.2 (D. Mass. Jan. 25, 2017); *see* 8 U.S.C. § 1252(b)(1).  But Walkes was processed using a Form I-851 last revised in 1997 that did not list the thirty-day statutory deadline.  *See* Exhibit B to Motion to Dismiss the Indictment, *United States v. Walkes*, No. 15-cr-10396-ADB (D. Mass. Oct. 28, 2016), Doc. No. 51-2.  Defendant's Form I-851—revised in August 2007—provides that he may file a petition "within 30 calendar days of the date of your final order of removal." (Doc. 24-8 (lodged under seal) at 9.)  Defendant was properly advised that he had up to thirty days to file a petition for judicial review.[5]

---

[4] Nor has Defendant demonstrated that the consulate should have been notified about his deportation.  The Ninth Circuit in *United States v. D.L.*, 453 F.3d 1115, 1123 n.6 (9th Cir. 2006), acknowledged consular notification as a sort of substitute for parental notification where a juvenile's parents live outside the United States.  As Defendant was an adult when he waived his right to appeal, *D.L.* does not alter the Defendant's rights.

[5] Contrary to Defendant's assertions, there is no conflict in the statutory scheme.  If a noncitizen wishes to seek judicial review, the Attorney General is prohibited from removing him for fourteen days after issuing any order of removal.  8 U.S.C. § 1228(b)(3).  After fourteen days, the noncitizen is removable, but may still file a petition for review within 30 days of his final order of removal.  8 U.S.C. § 1252(b)(1).

## CONCLUSION

Because Defendant has failed to show that he was improperly deprived of judicial review, he is barred from collaterally attacking his prior removal.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment, (Doc. 19), is **DENIED.**

**IT IS FURTHER ORDERED** that good cause appearing, the Government's Motion to Seal (Doc. 23) is **GRANTED.** The Clerk of Court is directed to file under seal the lodged Government's Response to Defendant's Motion to Dismiss Indictment (Doc. 24).

Dated this 29th day of December, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge